1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY W. STEWART,

          Petitioner,

   v.

J. MACOMBER,

          Respondent.

Case No.  1:21-cv-00063-HBK

FINDINGS AND RECOMMENDATIONS TO
DISMISS PETITION AS SUCCESSIVE[1]

OBJECTIONS DUE WITHIN THIRTY DAYS

(Doc. No. 1)

ORDER DIRECTING CLERK OF COURT TO
ASSIGN DISTRICT JUDGE

Petitioner Gregory W. Stewart, a state prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  This matter is before the court for preliminary review.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  Under Rule 4, courts have "an active role in summarily disposing of facially defective habeas petitions."  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  The court may dismiss claims at screening for "easily identifiable" procedural defects.  *See id.* Finding the petition successive, the undersigned recommends that the petition be dismissed.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1    I.    FACTS AND BACKGROUND

2        Petitioner initiated this case on January 15, 2021 by filing the instant petition.  (Doc. No.

3    1).  Petitioner challenges his 1994 conviction and sentence entered by the Merced County Superior

4    Court.  (*Id*. at 1).  The court takes judicial notice of its files and notes petitioner has filed 27 previous

5    habeas petitions in this court, all seeking relief from this same 1994 conviction:  *see*, *e.g*., *Stewart*

6    *v. Macomber*, No. 1:20-cv-01541-DAD-JLT (E.D. Cal. Jan. 4, 2021); *Stewart v. Macomber*, No.

7    1:20-cv-00221-DAD-EPG (E.D. Cal. June 26, 2020); *Stewart v. Macomber*, No. 1:19-cv-01331-

8    DAD-JPD (E.D. Cal. March 4, 2020); *Stewart v. Macomber*, No. 1:19-cv-00731-AWI-JDP (E.D.

9    Cal. Jan. 23, 2020); *Stewart v. Macomber*, No. 1:19-cv-01056-LJO-JLT (E.D. Cal. Sept. 11, 2019).

10   Petitioner makes the same claims as those made in many of his previous petitions: that his trial was

11   unfair, he was subjected to an unconstitutional search and seizure, his trial counsel was ineffective,

12   and the evidence presented at trial was insufficient to support his conviction.  (*See generally* Doc.

13   No. 1).  The court notes that it appears petitioner has submitted photocopies of the same petition

14   multiple times to this court.  Nothing in the docket shows that petitioner obtained an order from the

15   Ninth Circuit Court of Appeals authorizing him to file a second or successive petition.

16   II.   APPLICABLE LAW

17       A second or successive petition that raises the same grounds as a prior petition must be

18   dismissed.  28 U.S.C. § 2244(b)(1).  Dismissal also is required for a second or successive petition

19   raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional

20   right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was

21   not previously discoverable through due diligence, and these new facts establish by clear and

22   convincing evidence that but for the constitutional error, no reasonable factfinder would have found

23   the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

24       However, it is not the district court that decides whether a second or successive petition

25   meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of

26   Appeals to proceed.  *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted

27   by this section is filed in the district court, the applicant shall move in the appropriate court of

28   appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*,

2

549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020).  This court is mandated to dismiss a second or successive petition unless the Court of Appeals has given petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Further, the court has the power under the All Writs Act to place certain requirements on individuals who have lengthy histories of abusive litigation.  *See* 28 U.S.C. § 1651.  Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.3d at 1148; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Accordingly, the court may issue an order declaring a litigant to be a vexatious litigant and require the litigant to seek permission from the court prior to filing any future suits.  *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *DeLong*, 912 F.2d at 1146-47.

III.    ANALYSIS

Because petitioner has sought relief from this court on 27 prior occasions for the same conviction, the undersigned finds that the instant petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition.  Therefore, this court has no jurisdiction to consider petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition.  *See Burton*, 549 U.S. at 157.  Moreover, because petitioner continues to file successive

petitions, the undersigned recommends that petitioner be forewarned that his continued filing of successive habeas petitions may warrant his designation as a vexatious litigant.

## IV.   CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is ORDERED:

The Clerk of Court is directed to assign a district judge to this case.

It is further RECOMMENDED:

1.  The petition be dismissed as successive.

2.  No certificate of appealability be issued.

3.  Petitioner be forewarned that continued filings of successive habeas petitioners will warrant petitioner being deemed a vexatious litigant.

4.  The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.


Dated:   __March 9, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5